UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE M. PHILLIPS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARILYN MAXIME, SUK GRAHAM )<br>and COMPREHENSIVE MEDICAL )<br>STAFFING, LLC, )<br>)<br>Defendants. ) | No. 07 C 6492<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Diane Phillips filed a *pro se* form "Complaint of Employment Discrimination" against Defendants Marilyn Maxime, Suk Graham and Comprehensive Medical Staffing, LLC ("CMS"). The Complaint alleges discrimination on the basis of: age, in violation of the Age Discrimination in Employment Act ("ADEA"); color and race, in violation of Title VII and 42 U.S.C. § 1981; disability, in violation of the Americans with Disabilities Act ("ADA"); and religion and sex, in violation of Title VII. Defendants have moved to dismiss the Complaint.

## BACKGROUND

Plaintiff was employed by CMS. In her Complaint, Plaintiff alleges that Defendants terminated her employment, failed to promote her, failed to reasonably accommodate her religion and her disabilities, failed to stop harassing her, retaliated against her for asserting her legally protected rights and "violated [her] rights in general under multiple state and federal statutes." Plaintiff alleges that Defendants' discrimination began on or about October 10, 2007.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S.Ct. at 1965, 1973 n. 14).

## ANALYSIS

Defendants argue that Plaintiff's Complaint falls short of Rule 8(a)(2)'s requirement of setting out "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendants assert that Plaintiff fails to allege any facts in support of her claims.

As noted above, Plaintiff's form Complaint alleges that Defendants discriminated against Plaintiff on the basis of age, color, disability, race, religion and sex. It alleges that the discrimination resulted in Plaintiff's termination, failure to promote Plaintiff,

2

failure to accommodate both Plaintiff's religion and her disability, failure to stop harassment, and retaliation against Plaintiff. The Complaint indicates that facts supporting Plaintiff's claims are included in the attached memorandum.

The memorandum attached to the Complaint, dated October 11, 2007, appears on its face to have been written by Plaintiff to Defendants Maxime and Graham. The memorandum begins with a request that Defendants pay Plaintiff $382,045.00. It later states that this amount is due to Plaintiff for services she performed for Defendants. The memorandum also sets out that Defendants hired Plaintiff on June 29, 2007, and that her relationship with the Defendants ended on October 10, 2007. The remainder of the seven-page memorandum details several disputes between Defendants Maxime and Graham, of a personal nature, that are not relevant to Plaintiff's claims of discrimination.

The memorandum does not contain any facts that support Plaintiff's allegations of discrimination. It does not set out any promotion Plaintiff did not receive, any harassment or retaliation Plaintiff suffered, or any failure by Defendants to accommodate Plaintiff's religion or disability. It contains no facts that could plausibly suggest that Defendants took any actions based on Plaintiff's age, color, disability, race, religion, or sex. In short, the factual allegations set out in the attached memorandum are entirely irrelevant to the allegations of discrimination in Plaintiff's Complaint. Thus, Plaintiff's Complaint fails to provide even a minimal factual basis suggesting that she is entitled to relief. *See Bell Atlantic*, 550 U.S. 544, 127 S.Ct. at 1965 ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Plaintiff attempts to remedy this shortcoming in her response to Defendants' motion to dismiss. Plaintiff's response provides some factual details relevant to her discrimination claims by stating her age, race, religion and sex. However, Plaintiff's factual allegations still fall short. With regard to her claim under the ADA, Plaintiff states that she "has a disability" that Defendants "never acknowledged" but fails to provide any specific information as to what her disability is or how Defendants failed to accommodate it. Plaintiff has not alleged any facts that could reasonably suggest any discriminatory acts by Defendants. Thus, Plaintiff still has not set out a short and plain statement of the claim showing that she is entitled to relief, as required by Rule 8(a)(2).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff is given leave to file an amended complaint within 30 days of the date of this Order if she can do so consistent with Rule 11.

Dated: April 9, 2009

JOHN W. DARRAH
United States District Court Judge

4