UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 6492 |
| v. ) | |
| ) | Judge John W. Darrah |
| MARILYN MAXIME, SUK GRAHAM, and ) | |
| COMPREHENSIVE MEDICAL ) | |
| STAFFING, LLC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Diane Phillips, *pro se*, brought suit against Defendants Marilyn Maxime, Suk Graham and Comprehensive Medical Staffing, LLC ("CMS"), alleging various claims of discrimination. Before the Court is Defendants' Motion to Dismiss the Second Amended Complaint.

## BACKGROUND

Plaintiff commenced this suit on November 15, 2007. Plaintiff moved twice, without success, to proceed *in forma pauperis*, finally paying the filing fee on February 25, 2008. Plaintiff was then granted several extensions to effectuate service on Defendants. On December 3, 2008, Plaintiff moved "for summary judgment to default Comprehensive Medical Staffing, LLC." The motion was denied after counsel for all three Defendants filed an appearance on December 9, 2008.

On January 8, 2009, Defendants moved to dismiss Plaintiff's Complaint. On April 9, 2009, the Court granted Defendants' motion, finding that the Complaint failed to provide any factual basis showing Plaintiff was entitled to relief. However, the Court granted

Plaintiff leave to file an amended complaint if she could do so consistent with Rule 11. Plaintiff filed her Amended Complaint on May 12, 2009, and a Second Amended Complaint on May 15, 2009. The Court granted Defendants thirty days to answer the Second Amended Complaint. Defendants failed to answer the Second Amended Complaint. However, at a status hearing held on June 25, 2009, the Court granted Defendants until July 23, 2009, to file a motion to dismiss. On July 24, 2009, Defendants filed a motion to dismiss, which they noticed for September 10, 2009. On that date, September 10, 2009, the Court granted Plaintiff until October 8, 2009, to file a response to Defendants' motion to dismiss. On October 8, 2009, Plaintiff filed a pleading entitled "PRO SE PLAINTIFF'S 3RD AMENDED COMPLAINT OF EMPLOYMENT DISCRIMINATION." This pleading, which was filed without leave, generally appears to respond to Defendants' motion to dismiss and states no additional material allegations to those contained in Plaintiff's Second Amended Complaint. Therefore, this pleading will be construed as Plaintiff's response to Defendants' motion to dismiss.

Plaintiff alleges that Defendants discriminated against her on the basis of her age, color, race, disability and sex. Plaintiff's Second Amended Complaint alleges the following facts, which are presumed to be true for purposes of this motion.

CMS, which is owned by Defendants Maxime and Graham, hired Plaintiff on June 29, 2007. Plaintiff held the position of Vice President of Recruitment and Clinical Services.

Plaintiff was fifty-five-years-old at the time she was hired. Plaintiff alleges that Defendants "would routinely distinguish and portray [Plaintiff] as 'old, senile, and incompetent.'" Plaintiff is an African-American and has dark brown skin. Plaintiff alleges that Defendants behaved as if Plaintiff's skin color was unacceptable and would aversely affect their

company's profitability. Plaintiff alleges that Defendants would engage in offensive discussions regarding Plaintiff's skin color. Plaintiff alleges that Defendants removed her from an assignment following allegedly racially motivated complaints against Plaintiff by a nurse at that facility. Plaintiff alleges that Defendants refused to pay Plaintiff for the duties she performed as Vice President of Recruitment and Clinical Services. Plaintiff alleges that Defendants stated that African-American women should not be paid at the same level as other women or men who hold the same credentials.

Plaintiff alleges that she is a breast cancer survivor and is therefore disabled. Plaintiff alleges that she informed Defendants of her disability but that Defendants neither acknowledged the disability nor offered Plaintiff accommodation.

Plaintiff alleges she was subject to sexual harassment and was compelled to work in a gender-demeaning, sexually hostile and violent work environment while at CMS. Plaintiff alleges that Graham was the "chief perpetrator of workplace violence and sexual harassment" at CMS. Plaintiff alleges that during training and orientation sessions that Graham conducted, "his teaching style was demeaning, abusive and violent."

Plaintiff alleges that Defendants: (1) terminated Plaintiff, (2) failed to reasonably accommodate Plaintiff's disability, (3) failed to stop sexual harassment, gender bias, and deadly violence in the workplace, (4) retaliated against Plaintiff by terminating her shortly after she intervened to stop the ongoing "deadly domestic violence," and (5) discriminated against Plaintiff due to her age.

Defendants have moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14).

## ANALYSIS

Defendants raise several objections to Plaintiff's Second Amended Complaint. First Defendants argue that Plaintiff failed to exhaust her administrative remedies before she filed suit: Plaintiff filed suit on November 15, 2007. She did not file a charge of discrimination with the EEOC until March 19, 2008. The EEOC did not issue a notice of right-to-sue until March 20, 2008. Defendants argue that Plaintiff had a ninety-day window to file suit after receipt of her right-to-sue notice on March 20, 2008. Because she did not file suit within that ninety-day window, Defendants argue, the suit must be dismissed.

There is a key distinction, however, between a plaintiff who files suit late – after the ninety-day window has passed – and a plaintiff who files suit early – before the EEOC has issued its right-to-sue notice. A plaintiff who "jumps the gun" by filing suit before exhausting his administrative remedies has not irrevocably lost his chance at relief. *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). Rather, the case can be dismissed as premature and refiled once the notice of right-to-sue has been issued. *Id.* Here, rather than a dismissal without prejudice followed by a refiling after the right-to-sue notice issues, the case remained pending, with the issue of the exhaustion of administrative remedies not raised until a later point. Defendants do not explain why this difference should matter now. Plaintiff has received a right-to-sue notice from the EEOC and filed a timely suit. That Plaintiff jumped the gun in filing her suit is irrelevant at this point. Just because Defendants would have been entitled to a dismissal without prejudice at an earlier stage in the case does not mean that they are entitled to a dismissal with prejudice now.

Defendants next argue that Plaintiff has failed to meet Rule 8(a)'s requirement that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Defendants argue that Plaintiff's Second Amended Complaint fails to allege sufficient facts to support her claims under Title VII, the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). The Court disagrees. While Plaintiff's initial complaint provided almost no factual background that would give Defendants notice of the grounds on which it was based, the same cannot be said of Plaintiff's Second Amended Complaint. The Second Amended Complaint sets out a factual basis for Plaintiff's claims that she was discriminated against on the basis of age, color, race, disability and sex. While

Plaintiff's Second Amended Complaint may not allege her claims as clearly as it might, the Court is required to give a liberal construction to *pro se* pleadings. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Here, the allegations of Plaintiff's Second Amended Complaint are sufficiently clear that Defendants should be able to determine the nature of her allegations.

Finally, Defendants argue that Plaintiff's claims against Defendants Maxime and Graham must be dismissed because there is no individual liability under Title VII, the ADA or the ADEA. The Complaint alleges that Plaintiff was employed by CMS and that Defendants Maxime and Graham are the owners of CMS. Therefore, because it was CMS, not Maxime or Graham, who was Plaintiff's employer, Maxime and Graham are not liable under Title VII, the ADA or the ADEA. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-1282 (7th Cir. 1995) (no individual liability under the ADA); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (same for Title VII and ADEA).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted with respect to Defendants Maxime and Graham and denied with respect to Defendant CMS. Defendants Maxime and Graham are dismissed from the case.

Dated: November 19, 2009

JOHN W. DARRAH
United States District Court Judge